ORIGINAL FILED

07 MAY 16 PH 3: 32

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

1   Eric G. Wallis (State Bar No. 67926)
    E-mail: ewallis@reedsmith.com
2   REED SMITH LLP
    1999 Harrison Street, Suite 2400
3   Oakland, CA  94612-3572

4   **Mailing Address:**
    P.O. Box 2084
5   Oakland, CA  94604-2084

6   Telephone:    +1 510 763 2000
    Facsimile:    +1 510 273 8832
7

8   Christine A. Kendrick (State Bar No. 186002)
    David R. Maurer (State Bar No. 216263)
    E-mail: christine.kendrick@morganstanley.com
9   E-mail: david.maurer@morganstanley.com
    MORGAN STANLEY & CO. INCORPORATED
10  LEGAL COMPLIANCE DIVISION
    101 California Street, 2nd Floor
11  San Francisco, CA  94111

12  Telephone:    +1 415 693 6000
    Facsimile:    +1 415 693 6250
13

14  Attorneys for Defendant Morgan Stanley & Co.
    Incorporated

E-filing

EMC

15              UNITED STATES DISTRICT COURT

16          NORTHERN DISTRICT OF CALIFORNIA

C 07 - 2598

17  NATHALIE DECRET, an individual,          Case No.

18              Plaintiff,                   **NOTICE OF REMOVAL OF ACTION
                                             UNDER 28 U.S.C. §1441(B) (DIVERSITY)**
19      vs.

20  MORGAN STANLEY & CO.
    INCORPORATED, a corporation, and DOES 1
21  through 20, inclusive,

22              Defendants.

23

24

25

26

27

28

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

– 1 –

**PLEASE TAKE NOTICE** that Defendant Morgan Stanley & Co. Incorporated ("Morgan Stanley") hereby removes to this Court the state court action described below. Removal is warranted under 28 U.S.C. §1441(b) because this is a diversity action over which this Court has original jurisdiction under 28 U.S.C. §1332.

1.    On April 5, 2007, an action was commenced in the Superior Court of the State of California in and for the City and County of San Francisco, entitled *Nathalie Decret, an individual v. Morgan Stanley & Co. Incorporated, a corporation; and Does 1 through 20, inclusive,* as Case No. CGC-07-462078. A copy of the complaint is attached as Exhibit A.

2.    On May 15, 2007, Morgan Stanley filed an Answer to Plaintiff's complaint in the Superior Court of the State of California for the City and County of San Francisco. A copy of Morgan Stanley's Answer is attached as Exhibit B.

3.    No further proceedings have been had in the state court action.

4.    As set forth below, this case is properly removed to this Court pursuant to 28 U.S.C. §1441 because Morgan Stanley has satisfied the procedural requirements for removal and this Court has subject matter over this action pursuant to 28 U.S.C. §1332.

**I.    MORGAN STANLEY HAS SATISFIED THE PROCEDURAL REQUIREMENTS FOR REMOVAL**

5.    Venue is proper in this Court because it is the "district and division embracing the place where such action is pending." *See* 28 U.S.C. §1441(a).

6.    On April 17, 2007, Plaintiff mailed a copy of the summons, the complaint and a Notice and Acknowledgment of Receipt – Civil to Morgan Stanley's Legal and Compliance

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

– 2 –

1 | Division. A copy of the summons and the Notice and Acknowledgment of Receipt – Civil are

2 | attached as Exhibits C and D.

3

4 |     7.     Counsel for Morgan Stanley executed the Acknowledgment of Receipt of the

5 | Summons and Complaint on May 2, 2007 (Exhibit D) and served the Acknowledgment of Receipt

6 | on Plaintiff's counsel on May 3, 2007. Service of the summons is deemed complete on May 2,

7 | 2007, the date on which Defendant executed the Acknowledgment of Receipt. Therefore, this

8 | Notice of Removal is timely under 28 U.S.C. §1446(b).

9

10 |     8.     Pursuant to 28 U.S.C. §1446(d), a copy of this Notice of Removal is being served on

11 | counsel for Plaintiff and a copy is being filed with the Clerk of the Court for the Superior Court of

12 | the State of California for the County of San Francisco.

13

14 | **II.    REMOVAL IS PROPER BECAUSE THIS COURT HAS SUBJECT MATTER**

15 | **JURISDICTION PURSUANT TO 28 U.S.C. §§1332 AND 1441**

16

17 |     9.     This action is a civil action of which this Court has original jurisdiction under 28

18 | U.S.C. §1332 and is one which may be removed to this Court by Morgan Stanley pursuant to the

19 | provision of 28 U.S.C. §1441(b) because it is a civil action between citizens of different states and

20 | the matter in controversy exceeds the sum of $75,000, exclusive of interests and costs.

21

22 |     **A.    The Amount In Controversy Requirement Is Satisfied**

23

24 |     10.    Plaintiff alleges that Defendant Morgan Stanley is liable for more than $2.6 million in

25 | transfers made by her former husband from their joint accounts at Morgan Stanley (Exhibit A at ¶5).

26 | Plaintiff seeks in excess of $2 million in damages from Morgan Stanley (Exhibit A at ¶15).

27

28 |     **B.    There Is Complete Diversity Of Citizenship**

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

11.    Plaintiff Nathalie Decret was and still is a citizen of the State of California (Exhibit A at ¶3).  Morgan Stanley was at the time of filing of this action, and still is, a corporation incorporated under the laws of Delaware with its principal place of business in the State of New York.  Morgan Stanley is the only named defendant and the only defendant that has been served with a summons and complaint in this action.  For purposes of removal, "the citizenship of defendants sued under fictitious names shall be disregarded."  28 U.S.C. §1441(a).


DATED: May 16, 2007.


REED SMITH LLP


By _____
    Eric G. Wallis
    Attorneys for Defendant Morgan Stanley & Co.
    Incorporated

DOCSOAK-9873076.1

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

Notice Of Removal Of Action Under 28 U.S.C. §1441(B) (Diversity)
Decret v. Morgan Stanley

**EXHIBIT A**



FILED
San Francisco County Superior Court

APR 0 5 2007

GORDON PARK-LI, Clerk
BY: _Deborah Steppe_
DEBORAH STEPPE, Deputy Clerk

CASE MANAGEMENT CONFERENCE SET

SEP 0 7 2007 -9ᵃᵐ AM

DEPARTMENT 212

1  Jeffrey A. Feldman - Bar No. 154440
   Law Offices of Jeffrey A. Feldman
2  505 Montgomery Street, 7ᵗʰ Floor
   San Francisco, CA 94111
3
   (415) 391-5555 (phone)
4  (415) 391-8888 (fax)

5  Attorney for Plaintiff

6

7

8                    SUPERIOR COURT OF CALIFORNIA

                  CITY AND COUNTY OF SAN FRANCISCO

                         UNLIMITED JURISDICTION

11

12

13  NATHALIE DECRET, an individual,    )   No. CGC-07-462073
                                       )   COMPLAINT FOR BREACH OF
14            Plaintiff,               )   FIDUCIARY DUTY; NEGLIGENT
                                       )   SUPERVISION; NEGLIGENCE; FRAUD;
15  v.                                 )   AND BREACH OF CONTRACT
                                       )   _____
16  MORGAN STANLEY & CO.,              )
17  INCORPORATED, a corporation; and DOES )
    1 through 20, inclusive,           )
18                                     )
              Defendants.              )
19  _____ )

20

21
         Plaintiff Natalie Decret ("DECRET" or "Plaintiff" ), AKA Nathalie Tournier-Decret, alleges
22  the following:

23                            General Allegations

24
         1.      Morgan Stanley & Co., Incorporated, ("MS" or "Defendant") is a Deleware
25
   corporation and Plaintiff is informed and believes and thereon alleges that MS's principal California
26
   offices are in San Francisco, California.  MS has also been known as Morgan Stanley Dean Witter
27
   and Morgan Stanley DW.
28

                                         1

1    2.    Defendants DOES 1 through 20, inclusive, are sued herein by such fictitious names

2    in that Plaintiff does not at this time know their true names, capacities, nor specific activities of said

3    Defendants, but alleges that each of said Defendants is or may be legally liable to Plaintiff, and

4    therefore Plaintiff prays that the true names, capacities and activities of said Defendants may be

5    inserted herein when the same is ascertained.

6    3.    DECRET, who is 47 years old and a mother of four children, currently resides in

7    Santa Barbara, California, and has resided their since approximately December, 2002. DECRET is

8    currently going through a divorce from her husband, of over ten years, David. Through the divorce

9    process, DECRET has found that David has committed numerous financial improprieties against her

10    during their marriage, including the serial forging of her name on important financial documents, and

11    otherwise defrauding her and their community estate out of millions of dollars. DECRET has also

12    recently learned that MS aided and abetted David in his wrongdoing, and otherwise breached their

13    duties to DECRET in not providing her with material information, actively concealing information

14    from her, not acting in DECRET's best interests, and further not acting lawfully, ethically or fairly,

15    directly contributing to David's deceit and DECRET's damages.

16    4.    DECRET and David are both french and were living in France until moving to Santa

17    Barbara. David married DECRET in 1996 after his professional tennis career was cut short by an

18    injury. DECRET was the successful business executive and entrepreneur and David worked for

19    DECRET's company. David convinced DECRET that their lives would be much better in the

20    United States, and in 1999, David and DECRET began taking steps which would allow them to

21    move to the US permanently. One of the steps which DECRET understands that they were advised

22    to undertake was to open up financial accounts here, including a brokerage account. David

23    recommended that they open up an account with a Smith Barney broker, Thomas Lowell ("Lowell").

24    DECRET, not being able to tell one investment adviser from the next, agreed. Soon thereafter, in

25    early 1999, Lowell moved to MS and DECRET and David followed with their accounts.

26    5.    After finding out about a second affair David had (that she knew of), DECRET

27    decided to divorce David in the spring of 2005. Through the divorce action, DECRET has learned of

28    much impropriety by David during the course of their marriage, much of which was carried out

2

1   through MS accounts in the name of DECRET and David, with David improperly taking money out

2   of the accounts. The accounts at MS, as DECRET understands it, were set up so that any wire

3   transfers would require the signatures of both account holders. Beginning in December, 2000 David

4   began wiring money out of their accounts, forging DECRET's signature on the wire instructions to

5   unlawfully effectuate the transactions. Attached hereto as Exhibit A is a list of wire transfers in the

6   aggregate amount of $2,693,082.20, all of which were effectuated on forged signatures of DECRET.

7   MS knew or should have known that DECRET's signatures were forged, and are otherwise liable for

8   the losses DECRET has suffered as the result of MS wiring these funds out of DECRET's accounts

9   without her genuine signature. DECRET is unaware of any of these funds being used for her or her

10   family's benefit, but she is still investigating exactly what did happen to those wired funds. Attached

11   hereto as Exhibit B is a copy of the report prepared by the handwriting expert, without exhibits

12   thereto, setting forth that all of the wire transfers in question, among other documents, had forged

13   signatures of Decret.

14        6.      Though some of the money was wired to accounts in the name of both DECRET and

15   David, DECRET was previously unaware of money being wired into those accounts, which are in

16   France, and is attempting to determine where the money ended up, though she does not believe it

17   was used to benefit the marital estate. Other money was wired to a business David started in or

18   about 2003, The House of David, and that money has apparently been either lost or spent by David.

19   David also took out hundreds of thousand of dollars from MS by way of drafts, which required only

20   his signature. MS still had a duty to inform DECRET of these transactions, in a way that was

21   calculated to reach DECRET.

22        7.      DECRET was very busy in her role as the family's breadwinner, and as a parent.

23   Anytime DECRET expressed any interest in the MS accounts, David made it very clear that he was

24   taking care of everything, and she did not need to worry about it. David also made sure DECRET

25   did not have access to any mail which came to their residence. Though DECRET had internet access

26   to the MS accounts early on, it eventually stopped working with her passwords, and both David and

27   Lowell managed to put DECRET off from re-obtaining the ability to gain such access to her

28   accounts. Though this was not her priority, over the course of eighteen months, ending when Lowell

1  left MS in or about August 2004 to go to UBS Financial Services, DECRET tried to gain new access

2  codes from both David and Lowell, always being put off from both of them.  In fact, DECRET spoke

3  with Lowell the day before he left MS, which apparently had been long-planned by him, and Lowell

4  told DECRET that he would call her the next day with the new access codes for the accounts.  When

5  Lowell did not call, DECRET called him, only to find out he had left.

6      8.    There are many examples of how David would hide things from DECRET.  Perhaps a

7  more persuasive example of how he would hide things from DECRET and otherwise act as alleged

8  herein, comes from a third party, GE Commercial Finance ("GE").  David had purchased some

9  expensive items for his business, financing them through GE, or a predecessor thereto.  GE

10 apparently would not give credit to David without a guarantee from DECRET.  So, David just forged

11 DERET's name on the a guarantee without DECRET's knowledge.  After DECRET was contacted

12 by GE in 2006 about the guarantee, as David did not pay off the loan, DECRET received a letter

13 from GE loss recovery services agent Melanie Knippschild dated October 16, 2006 and attached

14 hereto as Exhibit C.  In the letter, Ms. Knippschild describes an "upset" call from David that

15 DECRET had been sent a letter from GE – a letter that David obviously had intercepted and did not

16 disclose to DECRET.  David was upset that the demand letter had been written to DECRET, with his

17 explaining that he was solely responsible for the debt.  David did not want DECRET to find out

18 about the forged guarantee, which is obvious from what Ms. Knippschild wrote, and the fact that we

19 know the guarantee was forged.

20     9.    The GE letter does more than help explain how David worked to hide things from

21 DECRET.  As is referenced in the first paragraph of Exhibit C, Ms. Knippschild enclosed the

22 documents relating to David's GE account to DECRET.  DECRET was shocked and amazed at what

23 she found within those documents – a three page fax from Lowell, apparently originally faxed to

24 David from Lowell on January 11, 2004, and then, per the fax marks at the top of the Lowell fax

25 cover sheet, re-faxed to GE on February 26, 2004.  The three page fax (from Lowell) is attached

26 hereto as Exhibit D.  The document is a summary of David's and DECRET's purported account

27 values at MS, obviously to help David get his GE financing.  The purported summary overstates

28 David's and DECRET's account values by approximately $1,846,000.  Lowell's document shows

4

1  the account values at $2,547,340.11, when per an actual MS summary of their account values as of

2  January 31, 2004, the true value is $685,239.14.  Attached hereto as Exhibit E is a copy of the actual

3  MS summary of accounts with the accurate figure.  Lowell and MS did not only aid and abet David

4  to defraud DECRET, they apparently also did so to defraud at least one creditor.

5        10.    Lowell apparently did not just help David on a one-time basis defraud people other

6  than DECRET.  As a part of David's document production in the family law case, DECRET's

7  family law lawyer received an August 25, 2004 letter prepared by Lowell addressed generically "To

8  Whom It May Concern."  The letter, signed by Lowell and on MS letterhead, states that David and

9  DECRET had "securities and cash on deposit at Morgan Stanley totaling approximately

10  $4,052,260...."  Attached hereto as Exhibit F is a copy of Lowell's August 25, 2004 letter, as well as

11  two pages of MS documentation showing that in May, 2004, David and DECRET's accounts had a

12  combined value of $223,073.69.  The accounts should not have changed substantially between May

13  and August of 2004.

14        11.    DECRET recently found wire transfer documents with her forged signature that were

15  blank in material ways, including one where the document was completely blank except for

16  signatures, and could have been copied by David and/or Lowell.  One of the partially blank wire

17  transfers was to go to a bank in Switzerland, where it is possible David has hidden some of the

18  unlawfully wired funds.  Also, when DECRET asked David and Lowell why the account value was

19  going down so much, both told DECRET that there were significant losses in the stock market,

20  without mentioning anything about the wire transfers.

21        12.    David, of course, now claims poverty.  DECRET will likely never be able to recover

22  these funds from David.  She will continue to investigate, but ultimately, in order for DECRET to

23  recover any of the losses described above, MS must be found liable for the duties it has breached to

24  DECRET, allowing the funds to be wired out of the accounts without DECRET's actual signature,

25  and the active participation of MS agents in helping David to perpetrate his wrongful conduct.

26  David filed for bankruptcy, under chapter 7, in or about February 2007.

27        13.    Plaintiff placed her trust and confidence in MS and Lowell.  At all relevant times, MS

28  was a broker-dealer registered to sell securities by the SEC, the NASD and the California

1  Department of Corporations.  Also, at all relevant times, Lowell was a registered representative of

2  MS, and took all actions alleged herein within the course and scope of his agency and employment

3  with MS, and/or with apparent authority.

4         14.     MS is also liable to Plaintiff based on Lowell's actions, pursuant to, among other

5  theories, Respondeat Superior.

6         15.     Though Plaintiff will not be able to know her exact damages until MS provides

7  certain documents to Plaintiff in the discovery process, and until further investigation can be

8  completed, Plaintiff asks for the damages she believes she has lost in the amount of no less than $2

9  million, as well lost return on her principal in an amount to be proven at the hearing herein.  Plaintiff

10  will ask for leave of the court to amend the complaint once the damages are ascertained in the

11  discovery process.  Because of the egregious nature of the Defendant's actions, and the total

12  disregard for Plaintiff's rights and welfare, and because Defendant acted with malice, Plaintiff also

13  seeks an award of exemplary and punitive damages to punish the Defendant for its actions, through

14  its agents.

15                             **FIRST CAUSE OF ACTION**
                           **Breach of Fiduciary Duty**

16

17         16.     Plaintiff repeats and re-alleges all of the allegations contained in Paragraphs 1 through

18  14 of the complaint and incorporates same by reference as if set forth in full herein.

19         17. Because of the trust and confidence Plaintiff placed in Defendant, and the nature of the

20  relationship between Plaintiff and Defendant, Defendant owed Plaintiff the duties of a fiduciary,

21  including, but not limited to:

22         a.     The duty to deal fairly and honestly with Plaintiff, to act with the highest good faith

23  toward Plaintiff, and to put Plaintiff's interests over Defendant's interests;

24         b.     The duty to manage Plaintiff's accounts in the best interests of Plaintiff;

25         c.     The duty to provide Plaintiff with any material information related to her accounts, or

26             any transactions therein;

27         d.     The duty to only engage in transactions authorized by Plaintiff; and

28

1      e.      The duty to obey the instructions of Plaintiff, and exercise reasonable skill in its

2              employment and ordinary diligence.

3      18.     Defendant breached its fiduciary duty to Plaintiff by, among other things, failing to

4    abide by the foregoing duties.

5      19.     As a direct and proximate result of Defendant's breaches of its fiduciary duties to

6    Plaintiff, Plaintiff has suffered damages in amounts as described hereinabove, and more specifically

7    requested in the prayer for relief, below.  Because of Defendant's callousness toward Plaintiff, and

8    wanton disregard for Plaintiff's rights and welfare, Plaintiff requests an award of exemplary and

9    punitive damages against Defendant.

## SECOND CAUSE OF ACTION
### Negligent Supervision

20.     Plaintiff repeats and re-alleges all of the allegations contained in Paragraphs 1 through

14 of the complaint and incorporates same by reference as if set forth in full herein.

21.     MS owed Plaintiff the duty to properly supervise their employees and agents, and to

hire only responsible and trustworthy registered representatives, including Lowell.

22.     MS failed to properly supervise Lowell and their other registered representatives,

creating a situation wherein it was possible for them to take the actions as herein described.

23.     As a proximate result of MS's negligent supervision, Plaintiff has sustained damages

as set out above and in the prayer for relief, below.

24.     It was foreseeable that Plaintiff would suffer the type of damages she has suffered as a

result of MS's negligent supervision of their registered representatives.

## THIRD CAUSE OF ACTION
### Negligence

25.     Plaintiff repeats and re-alleges all of the allegations contained in Paragraphs 1 through

14 of the complaint and incorporates same by reference as if set forth in full herein.

26.     As Plaintiff's financial advisors, Defendant had a duty to advise Plaintiff properly and

in accordance with California and federal law and NASD rules and regulations, and to follow

Plaintiff's instructions.  The rendering of improper investment advice constitutes negligence under

California law.  Twomey v. Mitchum, Jones & Templeton, Inc. (1968) 262 Cal.App.2d 690, 709.

1   Furthermore, when an agent does not follow the principal's instructions, by, for instance, failing to

2   have two authentic signatures on wiring instructions prior to effectuating a wire, the agent, MS, will

3   be liable for failing to strictly follow those instructions. The Defendant breached its duty to Plaintiff

4   by negligently following forged wiring instructions, and otherwise violating California and federal

5   law and NASD rules and regulations, and by acting as otherwise set out herein.

6       27.    Industry rules and regulations are probative evidence of a broker's standard of

7   conduct. Miley v. MS & Co., 637 F.2d 318, 333 (5th Cir. 1981) (industry rules are "excellent tools

8   against which to assess in part the reasonableness or excessiveness of a broker's handling of an

9   investor's account"); Lange v. H. Hentz & Co., 418 F.Supp. 1376, 1383-84 (N.D. Tex. 1976) (NASD

10  rules evidence standard of care member should achieve); Mihara v. Dean Witter & Co., 619 F.2d

11  814, 824 (9th Cir. 1980) (industry rules "requiring that each securities broker 'know [his] customer'

12  has been recognized as a standard to which all brokers using the Exchange must be held, the

13  violation of which is tantamount to fraud.").

14      28.    As a result of Defendants' negligence, Plaintiff sustained losses as described above

15  and in the prayer for relief below.

16              **FOURTH CAUSE OF ACTION**
                **Fraud**

17

18      29.    Plaintiff repeats and re-alleges all of the allegations contained in Paragraphs 1 through

19  14 of the complaint and incorporates same by reference as if set forth in full herein.

20      30.    Defendant made numerous misrepresentations and withheld material facts to Plaintiff

21  regarding Plaintiff's accounts with MS, as alleged above.

22      31.    When Defendant made these misrepresentations, it knew them to be false, or

23  reasonably should have known, and these misrepresentations were made by Defendant with the

24  intent to (a) deceive Plaintiff; and (b) obfuscate what was going on in the accounts.

25      32.    Plaintiff, at the time these representations were made, and at the time Plaintiff took

26  the actions herein alleged, was ignorant of the falsity of the representations, and believed them to be

27  true. In reliance on these representations, and withholding of material facts, Plaintiff was kept

28  ignorant of what was going on in her accounts, and the depletion of her accounts was allowed to

8

1    continue.  Had Plaintiff known the actual facts, she would have been able to prevent the further

2    depletion of her accounts, and otherwise prevent the conversion of funds in her marital estate..

3        33.    As a result of Defendant's intentional misrepresentations, and withholding of material

4    facts, as alleged herein, Plaintiff was left in the dark, and induced to keep the status quo.  As a result

5    of Defendant's misrepresentations, Plaintiff has suffered damages as set forth hereinabove.  Because

6    of Defendant's callousness toward Plaintiff, and wanton disregard for Plaintiff's rights and welfare,

7    and in that Defendant's actions rise to the level of fraud, Plaintiff requests an award of exemplary

8    and punitive damages according to proof at the time of the arbitration herein.

9                          **FIFTH CAUSE OF ACTION**
                          **Breach of Contract**

10

11       34.    Plaintiff repeats and re-alleges all of the allegations contained in Paragraphs 1 through

12   14 of the complaint and incorporates same by reference as if set forth in full herein.

13       35.    Plaintiff is informed and believes that the account documentation with MS requires

14   MS to have both David's and DECRET's signature on any wiring instructions in order to effectuate a

15   wire.  This account documentation forms an agreement between the parties.

16       36.    Plaintiff performed all of her obligations under the terms of this account

17   documentation and agreement.

18       37.    Defendant breached the terms of this agreement by taking direction only from

19   David, even though David had no authority to act on Plaintiff's behalf, and even though DECRET's

20   signature was required, Defendant wired money without it.

21       38.  As a direct result of Defendant's breaches of the agreement, Plaintiff has been damaged

22   by unauthorized wires from the accounts.  Plaintiff has further had consequential damages which will

23   be shown according to proof at the time of the trial.

24       WHEREFORE, Plaintiff prays for an award against Defendant, as follows:

25       1.    For special damages according to proof at the time of trial;

26       2.    For general, incidental and consequential damages according to proof at the time of

27   trial;

28       3.    For punitive and exemplary damages according to proof at the time of trial;

         4.    For costs of the arbitration herein incurred;

                                        9

1    5.    For reasonable attorneys' fees; and

2    6.    For such other and further relief as the court may deem just and proper.

3

4    Dated:   April 5, 2007                          Law Offices of Jeffrey A. Feldman

5

6

7                                                    By _____

8                                                         Jeffrey A. Feldman
                                                         Attorney for Plaintiff

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**EXHIBIT B**

1  Eric G. Wallis (SBN 67926)
   James M. Neudecker (SBN 221657)
2  REED SMITH LLP
   1999 Harrison Street, Suite 2400
3  Oakland, CA 94612-3572

4  **Mailing Address:**
   P.O. Box 2084
5  Oakland, CA 94604-2084

6  Telephone:    +1 510 763 2000
   Facsimile:    +1 510 273 8832
7
   Christine A. Kendrick (SBN 186002)
8  David R. Maurer (SBN 216263)
   MORGAN STANLEY & CO.
9  INCORPORATED
   Legal and Compliance Division
10 101 California Street, 2nd Floor
   San Francisco, CA 94111
11
   Telephone:    +1 415 693 6000
12 Facsimile:    +1 415 693 6250

13 Attorneys for Defendant

14

15              SUPERIOR COURT OF THE STATE OF CALIFORNIA

16                   FOR THE COUNTY OF SAN FRANCISCO

17                        UNLIMITED JURISDICTION

18 NATHALIE DECRET, an individual,          No. CGC-07-462078

19              Plaintiff,                   **ANSWER TO COMPLAINT**

20       vs.

21 MORGAN STANLEY & CO.,
   INCORPORATED, a corporation; and DOES 1
22 through 20, inclusive,

23              Defendants.

24

25

26

27

28

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

DOCSOAK-9873187.1

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

Defendant Morgan Stanley & Co. Incorporated (Defendant), alleges the following:

### General Denial

1.    Answering Plaintiff's unverified Complaint, Defendant denies every allegation contained therein and denies that by reason of any act or omission by it, its agents, or independent contractors, Plaintiff was injured or damaged in any sum, or at all.

### Affirmative Defenses

2.    As a first affirmative defense to each cause of action in the Complaint, Defendant alleges that the Complaint is barred by Plaintiff's failure to comply with arbitration agreements entered into with Defendant.

3.    As a second affirmative defense to each cause of action in the Complaint, Defendant alleges that the Complaint does not state facts sufficient to constitute a cause of action against this Defendant.

4.    As a third affirmative defense to each cause of action in the Complaint, Defendant alleges that Plaintiff failed to exercise reasonable care and diligence to mitigate her alleged damages.

5.    As a fourth affirmative defense to the Fifth Cause of Action in the Complaint, Defendant alleges that the Complaint is barred by the provisions of California Code of Civil Procedure Section 337(1) in that more than four years elapsed between the accrual of Plaintiff's alleged cause of action and the filing of Plaintiff's Complaint.

DOCSOAK-9873187.1

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

6.       As a fifth affirmative defense to each cause of action in the Complaint, Defendant alleges that Plaintiff, her agents, employees, servants and representatives were negligent or legally responsible or otherwise at fault for the damages alleged in Plaintiff's Complaint.   Defendant therefore requests that in the event of a finding of any liability in favor of Plaintiff or settlement or judgment against this Defendant, an apportionment of fault be made among all parties as permitted by Li v. Yellow Cab Company and American Motorcycle Association v. Superior Court by the court or jury.  Defendant further requests a judgment and declaration of partial indemnification and contribution against all other parties or persons in accordance with the apportionment of fault.

7.       As sixth affirmative defense to First, Second, and Third Causes of Action in the Complaint, Defendant alleges that the Complaint is barred by the provisions of California Code of Civil Procedure Section 339(1) in that more than two years elapsed between the accrual of Plaintiff's alleged cause of action and the filing of Plaintiff's Complaint.

8.       As a seventh affirmative defense to each cause of action in the Complaint Defendant alleges that the Complaint is barred by the doctrine of laches in that Plaintiff waited an unreasonable period of time before pursuing her alleged remedies.

9.       As an eighth affirmative defense to each cause of action in the Complaint Defendant alleges that the Complaint is barred because at all times mentioned Plaintiff consented to the acts and events set forth in therein.

10.      As ninth affirmative defense to First Cause of Action in the Complaint, Defendant alleges that the Complaint is barred by the provisions of California Code of Civil Procedure Section 343 in that more than four years elapsed between the accrual of Plaintiff's alleged cause of action and the filing of Plaintiff's Complaint.

DOCSOAK-9873187.1

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

1  11. As a tenth affirmative defense to each cause of action in the Complaint Defendant

2 alleges that the Complaint is barred by the doctrines of waiver and estoppel.

3

4  12. As an eleventh affirmative defense to each cause of action in the Complaint,

5 Defendant alleges that persons not parties to this action were negligent or legally responsible or

6 otherwise at fault for the damages alleged in Plaintiff's Complaint.  Defendant therefore requests

7 that in the event of a finding of any liability in favor of Plaintiff or settlement or judgment against

8 this Defendant, an apportionment of fault be made among all parties as permitted by Li v. Yellow

9 Cab Company and American Motorcycle Association v. Superior Court by the court or jury.

10 Defendant further requests a judgment and declaration of partial indemnification and contribution

11 against all other parties or persons in accordance with the apportionment of fault.

12

13  13. As a twelfth affirmative defense to each cause of action in the Complaint Defendant

14 alleges that Plaintiff was careless and negligent in the matters alleged, thereby causing and

15 contributing to any injury, damage or loss to Plaintiff.

16

17  14. As a thirteenth affirmative defense to the First and Fourth Causes of Action in the

18 Complaint Defendant alleges that the Complaint is barred by the provisions of California Code of

19 Civil Procedure Section 338(d) in that more than three years elapsed between the accrual of

20 Plaintiff's alleged cause of action and the filing of Plaintiff's Complaint.

21

22

23

24

25

26

27

28

DOCSOAK-9873187.1

Answer To Complaint
Decret v. Morgan Stanley - No. CGC-07-462078

1   THEREFORE, Defendant demands judgment in its favor, costs of suit, and all other proper

2   relief.

3

4   DATED: May 15, 2007.

5                                   REED SMITH LLP

6

7   By _____

8                                   Eric G. Wallis
                                    Attorneys for Defendant

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DOCSOAK-9873187.1

Answer To Complaint
Decret v. Morgan Stanley - No. CGC-07-462078

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

## PROOF OF SERVICE

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is REED SMITH LLP, 1999 Harrison Street, Suite 2400, Oakland, CA 94612-3572. On May 15, 2007, I served the following document(s) by the method indicated below:

## ANSWER TO COMPLAINT

☒   by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Oakland, California addressed as set forth below. I am readily familiar with the firm's practice of collection and processing of correspondence for mailing. Under that practice, it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if the postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in this Declaration.

Jeffrey A. Feldman                              Attorney for Plaintiff
Law Offices of Jeffrey A. Feldman
505 Montgomery Street
7th Floor
San Francisco, CA 94111

Telephone:  (415) 391-5555
Facsimile:  (415) 391-8888

I declare under penalty of perjury under the laws of the State of California that the above is true and correct. Executed on May 15, 2007, at Oakland, California.

_Mary Abbott_
Mary Abbott

DOCSOAK-9873180.1

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

**EXHIBIT C**

# SUMMONS
## (CITACION JUDICIAL)

**SUM-100**

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
MORGAN STANLEY & CO., INCORPORATED, a corporation;
and DOES 1 through 20, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
NATHALIE DECRET

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

| The name and address of the court is: | CASE NUMBER: |
|---|---|
| *(El nombre y dirección de la corte es):* | *(Número de Caso)* C G C - 0 7 - 4 6 2 0 7 8 |
| Superior Court | |
| 400 McAllister Street | |
| San Francisco 94102 | |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Jeffrey A. Feldman 154440                                           415-391-5555
Law Offices of Jeffrey A. Feldman
505 Montgomery Street, Floor 7
San Francisco, CA 94111

DATE:    APR 0 5 2007           Gordon Park-Li          Deborah Steppe
*(Fecha)*                       Clerk, by                                        , Deputy
                                *(Secretario)*                                   *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED: You are served**

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

**SUMMONS**

Legal
Solutions
Plus

Page 1 of 1
Code of Civil Procedure §§ 412.20, 465

**EXHIBIT D**

POS-015

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Jeffrey A. Feldman 154440<br>Law Offices of Jeffrey A. Feldman<br>505 Montgomery Street, Floor 7<br><br>San Francisco, CA 94111<br>TELEPHONE NO.: 415-391-5555    FAX NO. *(Optional):*    415-391-8888<br>E-MAIL ADDRESS *(Optional):* jafinsf@aol.com<br>ATTORNEY FOR *(Name):*  Plaintiff | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** San Francisco
 STREET ADDRESS: 400 McAllister Street
 MAILING ADDRESS:
 CITY AND ZIP CODE: San Francisco 94102
 BRANCH NAME:

PLAINTIFF/PETITIONER: Nathalie Decret

DEFENDANT/RESPONDENT: Morgan Stanley & Co., Incorporated

| **NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL** | CASE NUMBER:<br>CGC-07-462078 |
|---|---|

TO *(insert name of party being served):* Morgan Stanley & Co., Incorporated

### NOTICE

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

Date of mailing: 4/17/2007

Jeffrey A. Feldman
        (TYPE OR PRINT NAME)                    (SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

### ACKNOWLEDGMENT OF RECEIPT

This acknowledges receipt of *(to be completed by sender before mailing):*
1. [X] A copy of the summons and of the complaint.
2. [X] Other: *(specify):* Notice to Plaintiff

*(To be completed by recipient):*
Date this form is signed:

May 2, 2007
(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY,        (SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF
ON WHOSE BEHALF THIS FORM IS SIGNED)                    ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

EXECUTIVE DIRECTOR

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>POS-015 [Rev. January 1, 2005] | **NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL** | Page 1 of 1<br>Code of Civil Procedure,<br>§§ 415.30, 417.10 |
|---|---|---|

Legal
Solutions
Plus

**PROOF OF SERVICE BY FACSIMILE AND U.S. MAIL**

I, Flora E. Cornett, a non-attorney, declare that:

I am employed in the County of San Francisco, California. I am a citizen of the United States, over the age of eighteen years and not a party to the within action. My business address is Morgan Stanley & Co. Incorporated, Legal and Compliance Division, 101 California Street, 2nd Floor, San Francisco, California 94111.

On May 3, 2007, I served the following document:

**NOTICE AND ACKNOWLEDGMENT OF RECEIPT - CIVIL**

by placing a true copy thereof enclosed in a sealed envelope with all fees paid, with the United States Postal Service in San Francisco, California and via facsimile addressed to the person listed below:

> Jeffrey A. Feldman 154440
> Law Offices of Jeffrey A. Feldman
> 505 Montgomery Street, Floor 7
> San Francisco, CA 94111
> Ph.: (415) 391-5555
> Fax: (415) 391-8888

I am "readily familiar" with this firm's practice of collection and processing correspondence for shipment. It is deposited with United States Postal Service on the same day in the ordinary course of business. I am aware that on motion of party served, service by United States Postal Service is presumed invalid if the postal cancellation date or postage meter date is more than one business day after the date of deposit for mailing in the affidavit.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on May 3, 2007 at San Francisco, California.

_Flora E. Cornett_
Flora E. Cornett